2026 IL App (1st) 251359-U

No. 1-25-1359

Order filed March 25, 2026

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| OLD SECOND NATIONAL BANK, as successor by merger with West Suburban Bank, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2024 L 11807 |
| AMJA HOLDING, LLC; EVA BUZIECKI as Trustee of the EVA BUZIECKI TRUST DATED 7/12/06; and EVA H. BUZIECKI, Individually, | ) ) ) ) | Honorable Anthony C. Swanagan, |
| Defendants-Appellants. | ) | Judge Presiding. |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not err in granting relief pursuant to motion to enforce settlement agreement.

¶ 2    The defendants, AMJA Holding LLC (AMJA Holding); Eva Buziecki, as trustee of the

Eva Buziecki Trust dated 7/12/06 (Buziecki-Trust); and Eva H. Buziecki, individually (Buziecki),

entered into a settlement agreement with Old Second National Bank (Old Second) in connection

with an underlying action for breach of promissory note and guaranties. Defendants subsequently breached the terms of the settlement agreement by surrendering possession of the subject premises 23 days late.

¶ 3    After the breach, Old Second filed a "Motion to Enforce Settlement Agreement." The trial court granted the motion and entered judgment in favor of the bank and against defendants, jointly and severally, in the amount of $445,500.74.

¶ 4    Defendants argue on appeal that the trial court abused its discretion in granting the bank relief without first conducting an evidentiary hearing to determine whether the breach was material. Defendants contend the damage award essentially constituted "liquidated damages," amounting to a "penalty."

¶ 5    For the reasons that follow, we affirm.[1]

¶ 6                                I. BACKGROUND

¶ 7    On or about November 8, 2012, Old Second made a loan to AMJA Holding, an Illinois limited liability company, in the principal amount of $1,120,000. The loan was evidenced by a promissory note and was secured by certain mortgages and assignment of leases encumbering the premises at 9604 West 161st Street, Orland Park. AMJA Holding owned the premises and operated a retail bridal store therein. As additional security for the loan, Buziecki, president of AMJA Holding, and the Buziecki-Trust agreed to guarantee payment of the promissory note.

¶ 8    AMJA Holding subsequently failed to pay the promissory note in full by its maturity date and the guarantors failed to perform under their respective guaranties. On or about March 5, 2024, Old Second and the defendants entered into a Forbearance and Deed-in-Lieu Agreement (Forbearance Agreement), which extended the maturity date on the promissory note to May 31,

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

2024, and increased the amount due on the loan by $281,204.32. In addition, the Forbearance Agreement referenced a lease agreement wherein the guarantors were required to vacate and surrender possession of the premises by September 12, 2024.

¶ 9    Defendants eventually defaulted on their obligations under the Forbearance Agreement by failing to pay the promissory note in full by the maturity date and by failing to vacate and surrender possession of the premises by September 12, 2024.

¶ 10    On October 9, 2024, Old Second filed a complaint in the circuit court of Cook County seeking possession of the premises (Eviction Action). The bank subsequently initiated a separate action in the law division on October 21, 2024, alleging breach of the promissory note and guaranties (Breach of Contract Action).

¶ 11    On January 9, 2025, the parties entered into a settlement agreement in the pending Breach of Contract Action. Pursuant to section 3 of the agreement, defendants agreed to vacate and relinquish possession of the premises on or before February 21, 2025. Section 12 of the agreement provided that if defendants defaulted, the bank could enforce its terms in the Breach of Contract Action and pursue defendants for the full amount due and owing under the loan documents.

¶ 12    Attached to the settlement agreement, as an exhibit, was an agreed order of possession. Pursuant to this order, defendants acknowledged that Old Second would be entitled to immediate possession of the premises effective February 22, 2025, and defendants agreed not to "file any motion or take any action to remain in possession of the Premises."

¶ 13    Defendants subsequently violated the agreed order of possession by filing a motion in the Eviction Action seeking to remain in possession of the Premises beyond February 21, 2025. In response, Old Second filed an emergency motion to enforce the order of possession and sought sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Following briefing and

argument, the trial court granted the bank's emergency motion and awarded sanctions in the form of attorney's fees and costs against defendants and their counsel.

¶ 14    Defendants vacated and turned over possession of the premises to Old Second on March 19, 2025, 23 days after the agreed-upon date to do so.

¶ 15    Thereafter, on April 2, 2025, Old Second filed a motion in the Breach of Contract Action titled "Motion to Enforce Settlement Agreement." The bank alleged that the defendants defaulted on their obligations under the settlement agreement and sought a judgment against defendants, jointly and severally, for the alleged total amount due ($442,497.52), "together with additional sums accruing through the date of judgment."

¶ 16    On May 7, 2025, defendants filed a motion to dismiss the Breach of Contract Action. They argued that the claims in the action were "not viable" in light of the parties' settlement agreement.

¶ 17    On June 12, 2025, defendants filed their response to the bank's motion to enforce. They argued that the motion was procedurally deficient in that the settlement agreement was not contained or referenced in the Breach of Contract Action. In addition, they contended that even if the bank was able to overcome this argument, the motion still failed on the merits because there was an issue of fact as to whether the 23-day delay in vacating the premises constituted a material breach of the settlement agreement.

¶ 18    In an order entered June 16, 2025, the trial court granted Old Second's motion. The court entered judgment in favor of the bank and against defendants, jointly and severally, in the amount of $445,500.74. The court also denied the defendants' motion to dismiss the bank's Breach of Contract Action and specified that its order was final and appealable. This timely appeal followed.

¶ 19                                II. ANALYSIS

¶ 20    Defendants appeal the trial court's order summarily granting Old Second's motion to

4

enforce the settlement agreement. Defendants contend that the court abused its discretion by enforcing the settlement agreement without first conducting an evidentiary hearing to determine if their breach of the agreement was material. They argue that without conducting an evidentiary hearing, the bank was awarded damages in excess of what would reasonably be associated with defendants remaining in possession of the premises for 23 days beyond the date they were to vacate.

¶ 21    Resolution of this issue requires us to construe the settlement agreement. "A settlement agreement is considered a contract, and construction and enforcement of settlement agreements are governed by principles of contract law." *Haisma v. Edgar*, 218 Ill. App. 3d 78, 87 (1991). "The interpretation of a contract presents a question of law, which we review *de novo*." *Dearborn Maple Venture, LLC v. SCI Illinois Services, Inc.*, 2012 IL App (1st) 103513, ¶ 31. "In construing a contract, the cardinal rule is to give effect to the intention of the parties, which is discerned from the plain and ordinary meaning of the language used in the contract." *Sklodowski v. Countrywide Home Loans, Inc.*, 358 Ill. App. 3d 696, 700 (2005).

¶ 22    Section 12 of the settlement agreement sets forth Old Second's rights, should the defendants fail to uphold their obligations. This section provides that the "[l]ender may take any and all necessary steps to pursue its rights and remedies under the Loan Documents, including, without limitation, pursuing each of the Obligors (defendants) for the full amounts Due and Owing by the Obligors in the pending Breach of Contract Action." In addition, the settlement agreement required strict performance of its terms, providing: "[s]trict performance shall be deemed the essence of this Agreement and shall be deemed contracted for by the parties hereto."

¶ 23    Pursuant to the parties' settlement agreement, defendants agreed to surrender possession and vacate the premises by 5:00 p.m. on February 21, 2025. Defendants breached the agreement

when they failed to timely vacate the premises, and as a result of such breach, became liable for the unpaid loan amount of $465,338.85. The question is whether, before summarily enforcing the terms of the settlement agreement, the trial court should have conducted an evidentiary hearing to determine whether the breach was material.

¶ 24    In cases like this, where the trial court summarily enforces a settlement agreement without holding an evidentiary hearing, our review is *de novo*. *Lukanty v. Moglinicki*, 2022 IL App (1st) 210794, ¶ 28; *City of Chicago v. Ramirez*, 366 Ill. App. 3d 935, 946 (2006). A trial court has the inherent power to summarily enforce a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. *Audubon Parking Associates Ltd. Partnership v. Barclay & Stubbs, Inc.*, 225 Conn. 804, 811, 626 A.2d 729 (1993).

¶ 25    Here, the terms of the settlement agreement are clear and unambiguous. "When the terms of an agreement are clear and unambiguous, they will be given their natural and ordinary meaning, and the intent of the parties must be determined from the language of the agreement alone." *Jewel Companies, Inc. v. Serfecz*, 220 Ill. App. 3d 543, 549-50 (1991).

¶ 26    Importantly, the settlement agreement does not contain a "materiality" requirement with respect to a breach or default of the agreement, and this court cannot read such a requirement into the agreement. "Where a contract purports on its face to be a complete expression of the entire agreement, courts will not add another term about which the agreement is silent." *Gallagher v. Lenart*, 367 Ill. App. 3d 293, 301-02 (2006). In this regard, the settlement agreement provided: "This Agreement contains the entire agreement between the parties hereto relating to the transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations and statements, oral or written, are merged herein."

¶ 27    "Additionally, a court cannot alter, change or modify the existing terms of a contract or

6

add new terms or conditions to which the parties do not appear to have assented." *Id*. "[T]here is a presumption against provisions that easily could have been included in a contract but were not." *Thompson v. Gordon*, 241 Ill. 2d 428, 449 (2011).

¶ 28    If the parties "had wished to impose a materiality requirement with respect to any breach or default of the [agreement], they could have so provided – but they did not." *Metropolitan Capital Bank & Trust v. Engstrom*, 2023 IL App (1st) 221156-U, ¶ 49. As a result, we cannot find that the trial court abused its discretion by enforcing the parties' settlement agreement without first conducting an evidentiary hearing to determine if defendants' breach was material.

¶ 29    Finally, defendants argue that the trial court's damage award was unconscionable, in the nature of a penalty, and was in essence liquidated damages. They contend that the damage award is excessive and disproportionate to damages that would reasonably be expected from the defendants remaining in possession of the premises. We disagree with these arguments.

¶ 30    Defendants' arguments ignore the terms of the parties' settlement agreement. In the section entitled "Acknowledgment of Amounts Due and Owing," the parties acknowledged that defendants owed $465,338.85 as the result of their default of certain loan agreements; in addition, defendants agreed that they had no defense, offset, or counterclaim to the amounts due and owing. Section 12 of the agreement gave the bank the right to pursue defendants for these amounts as a consequence of their breach; and under subsections (j) and (n) of section 13, the parties agreed that time was of the essence and that strict performance was required. Accordingly, we find that the trial court's award of damages was proper and appropriate under the terms of the settlement agreement.

¶ 31                                III. CONCLUSION

¶ 32    Accordingly, for the foregoing reasons, we affirm the trial court's judgment granting Old

Second's motion to enforce the settlement agreement.

¶ 33    Affirmed.